# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| DEAIS P. CLARK,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | CV 15-34-GF-BMM-JTJ<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF |

Plaintiff Deais P. Clark seeks judicial review of the decision of Defendant Carolyn W. Colvin ("Commissioner"), the acting Commissioner of Social Security, to deny Clark's application for disability benefits. (Doc. 1.) Clark moved for summary judgment on August 23, 2015. (Doc. 10.) United States Magistrate Judge John Johnston issued Findings and Recommendations on December 18, 2015. Judge Johnston recommends that this Court grant Clark's motion and remand this case for further proceedings. (Doc. 15.) Neither party has filed objections to the Magistrate's Findings and Recommendations.

When a party makes no objections, the Court need not review de novo the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1986). This Court will review Judge Johnston's Findings and Recommendations,

1

however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Court adopts by reference the background facts, administrative record, and procedural history as enumerated in the Findings and Recommendations. (Doc. 15.) Judge Johnston determined that the Social Security Administration made a decision unsupported by substantial evidence and based on legal error. The Social Security Administration concluded that although Clark has severe impairments, she was capable of performing past relevant work that exists in significant numbers in the national economy. The Administration determined that Clark was not entitled to benefits.

The ALJ failed to specify which physical findings from other treating sources proved inconsistent with Clark's treating physician's opinion. The ALJ further failed to offer any explanation on how these non-specified findings were inconsistent with Clark's treating physician's opinion. The ALJ's rejection of Clark's treating physician's opinions proves unsupported by substantial evidence in the record, is based on legal error, and should be reversed.

Judge Johnston determined that there exist outstanding factual issues that must be resolved. The ALJ improperly discounted Clark's treating physician's opinion that Clark currently is unable to work because of her rheumatoid disease. Clark's treating physician's treatment note of November 12, 2013, fails to indicate

how long the doctor expected this inability to work to persist, but it does state that he recommended a medication trial to treat Clark's rheumatoid arthritis. The record further fails to indicate whether this treatment or any other proved effective in treating Clark's arthritis to enable her to work for 12 months, or whether she remained unable to work for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). This matter shall be remanded to the Commissioner to determine whether Clark's inability to work persisted for a continuous period of not less than 12 months after Clark's treating physician rendered his November 21, 2013 opinion.

Because the Court finds remand appropriate, the Court grants Clark's request that the February 18, 2015, Functional Abilities Determination ("FAD") be made part of the record for consideration on remand. The FAD proves material because it relates to whether Clark's inability to work persisted for a continuous period of not less than 12 months. The Commissioner shall evaluate this issue on remand. The FAD constitutes new evidence because it did not exist prior to the December 5, 2013, hearing or the ALJ's January 16, 2014, decision. Clark possessed good cause for failing to provide the FAD to the ALJ at or prior to the hearing or prior to the ALJ's decision because it did not exist at those times. Clark's private disability insurer requested the FAD, which was not completed until February 18, 2015.

This Court finds no clear error in any of Judge Johnston's remaining Findings and Recommendations and adopts them in full.

**IT IS HEREBY ORDERED:**

1. The proposed Findings and Recommendations entered by United States Magistrate Judge John Johnston (Doc. 15) is **ADOPTED IN FULL**.

2. Clark's Motion for Summary Judgment (Doc. 10) is **GRANTED**.

3. This matter shall be **REMANDED** to the Commissioner for further proceedings consistent with the applicable law outlined in the Findings and Recommendations. On remand, the Commissioner shall credit Clark's treating physician, Dr. Adams's, opinion as true. The Commissioner shall also consider the FAD. If appropriate, the Commissioner may receive any other additional evidence.

DATED this 6th day of January, 2016.

Brian Morris
United States District Court Judge