IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DEAIS P. CLARK,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security<br><br>    Defendants. | CV-15-34-GF-BMM<br><br>**ORDER ON**<br><br>**ATTORNEYS FEES** |

**INTRODUCTION**

Plaintiff Deais P. Clark's counsel filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1). (Doc. 21.) Defendant Commissioner does not support or oppose the motion. (Doc. 22.) A copy of the motion was sent to Clark at her last known location. (Doc. 21 at 8.) Clark did not indicate any support or opposition to the motion. (*Id.*)

**FACTUAL BACKGROUND**

Clark filed the initial application to obtain Social Security disability benefits in 2012. (Doc. 21 at 2.) Clark was denied benefits at the initial claims level and on reconsideration. (*Id.*) Clark sought review of her claim by an Administrative Law Judge ("ALJ"). (*Id.*) The ALJ issued an unfavorable decision on January 16, 2024.

1

(*Id.*) Clark requested that the Appeals Council review the ALJ's decision. (*Id.*) The Appeals Counsel denied review. (*Id.*)

Clark filed her appeal. (*Id.*) The U.S. Magistrate Court Judge issued findings and recommendations on December 18, 2015. (Doc. 15.) The Magistrate Court determined that the Commissioner committed legal error in failing to properly credit medical findings of one of Clark's primary treating physicians, Dr. Elton Adams. (*Id.*) The Magistrate Court granted Clark's motion for summary judgment and denied the Commissioner's cross-motion. (*Id.*) The Court adopted the findings and recommendation and remanded Clark's claims for further administrative proceedings. (Doc. 16.)

The remaining administrative proceedings took nine years to resolve in Clark's favor. (Doc. 21 at 3.) Clark had a second hearing before an ALJ on March 30, 2017. (*Id.*) The ALJ issued a second unfavorable decision on April 28, 2017. (*Id.*) Clark filed an appeal with the Appeals Council. (*Id.*) The Appeals Council determined that the ALJ's second unfavorable decision did not comport with the Court's remand order. (*Id.*) The Appeals Council remanded Clark's claims back to the ALJ for another hearing. (*Id.*)

Clark had a third hearing before an ALJ on August 28, 2018. (*Id.*) The ALJ issued a third unfavorable decision. (*Id.*) Clark filed an appeal with the Appeals Council. (*Id.* at 4.) The Appeals Council determined again that the ALJ's decision

did not comport with the Court's remand order. (*Id.*) The Appeals Council remanded Clark's claims back to the ALJ for a fourth hearing. (*Id.*)

The ALJ did not hold a fourth hearing. (*Id.*) The ALJ, instead, issued a favorable decision on September 4, 2025. (*Id.*) The ALJ noted that given the extent of the remand order, issuing a favorable decision was warranted, even absent a hearing. (*Id.*) Clark received back due benefits in the amount of $198,731. (*Id.* at 6.) Clark has received $150,458.25. (*Id.*) The Commissioner withheld $49,682.75 to pay Clark's attorney fees. (*Id.*) To date, Clark's counsel has received $9,080, for his services in representing Clark in the administrative proceedings before the Commissioner. (*Id.*)

Clark's attorney now seeks an award of attorney fees in the remaining amount withheld by the Commissioner ($40,482.75) based on the favorable decision by Commissioner. (*Id.* at 5.) Clark's counsel has not yet received attorney fees for the work associated with the federal court proceedings.

## LEGAL STANDARD

The Social Security Act states that when a disability claimant is successful in federal court, the district court may authorize payment of reasonable attorney's fees up to twenty-five percent (25%) of the claimant's back-due benefits after the claimant is found disabled. 42 U.S.C. § 406(b). In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the U.S. Supreme Court determined that a contingent payment of fees

up to the 25% cap constitutes an appropriate fee award. An attorney fees award pursuant to 42 U.S.C. § 406(b) must not exceed 25% of the total of claimant's past due benefits. *Id.* at 807-08.

A court must assess whether the contingency agreement is reasonable considering the individual claimant's individual case. *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009). A court may consider the following factors: (1) the character of the representation and results achieved; (2) whether the claimant's counsel was responsible for delay; and (3) whether the benefits were proportional in comparison to the time expended by counsel. *Gisbrecht*, 535 U.S. at 807-08. *See also Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009).

## DISCUSSION

The Court determines that an award of attorney fees to Clark's counsel prove appropriate and reasonable under the circumstances. The amount requested by Clark's counsel does not exceed 25% of Clark's back due benefits.

No facts suggest that Clark's counsel provided substandard representation to Clark in the proceedings. Clark's counsel had extensive experience in Social Security disability cases. Clark's counsel continued to appeal unfavorable decisions by the ALJs. Clark's counsel was successful in his appeal to the Court. Clark's counsel obtained a remand order for further administrative proceedings. The remanded proceedings continued to rely on the Court's order to address

inadequacies of the ALJ decisions. Clark ultimately received a result that allowed for recovery of Social Security benefits as she requested initially in 2012. Clark's counsel did not cause the delay and lengthy character of Clark's proceedings.

Lastly, given the lengthiness of Clark's proceedings from start to resolution, the requested attorney fees are proportional to the time and effort that Clark's counsel had to put into the case. The Court acknowledges that an award of $40,482.75 would result in a high *de facto* hourly rate of $2,153.38. The Ninth Circuit has similarly approved fees with high *de facto* hourly rates. *See e.g. Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243 (C.D. Cal. Sept. 20, 2016) (collecting cases and finding an award with a *de facto* hourly rate of $1,546.39 reasonable); *Daniel v. Astrue*, No. EDCV 04-01188-MAN, 2009 WL 1941632 (N.D. Cal. July 2, 2009) (approving fees that resulted in *de facto* hourly rate of $1,491.25). A court more appropriately should focus on the reasonableness of the contingency agreement and counsel's request as opposed to the *de facto* hourly rate. Clark's counsel's efforts and time related to the federal court proceedings, including obtaining a successful summary judgment order from the Court, allowed Clark to obtain a fully favorable decision. Clark received her requested for Social Security benefits as a result. Clark's counsel's requested fee amount of $40,482.75 proves reasonable.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Deais P. Clark's Counsel's Motion for Attorney Fees (Doc. 21) is **GRANTED**.

DATED this 8th day of December 2025.

Brian Morris, Chief District Judge
United States District Court